counsel under the Sixth Amendment," we must first determine whether Scott had a Sixth Amendment right to counsel on a Rule 35(b) appeal. *See, e.g., Wainwright v. Torna,* 455 U.S. 586, 587–588, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982) (per curiam) ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel.").

██ A litany of federal case law recognizes that the Sixth Amendment guarantees the right to counsel "at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected." *Mempa v. Rhay,* 389 U.S. 128, 134, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). The "core purpose" of the Sixth Amendment's "counsel guarantee was to assure 'Assistance' at trial, when the accused was confronted with both the intricacies of the law and the advocacy of the public prosecutor." *United States v. Ash,* 413 U.S. 300, 309, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973). This guarantee has also been extended to "critical confrontations of the accused by the prosecution at pretrial proceedings where the results might well settle the accused's fate and reduce the trial itself to a mere formality." *United States v. Wade,* 388 U.S. 218, 224, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

██ Ash and *Wade,* among others, apply the Sixth Amendment's guarantee of the right to counsel to trial and critical pre-trial stages. In comparison, a right to effective post-trial or appellate counsel is analyzed under the Due Process Clause. See *Ross v. Moffitt,* 417 U.S. 600, 610, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974) (discussing right to counsel on discretionary appeal); *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (finding right to counsel at contested parole and probation revocation hearings); *Unit-*

ed *States v. Taylor,* 414 F.3d 528 (4th Cir.2005) (no Sixth Amendment or due process right to counsel at Rule 35 motion hearing); *United States v. Palomo,* 80 F.3d 138 (5th Cir.1996) (same).

██ Scott argues that the Sixth Amendment requires his counsel to file a notice of appeal. As noted above, the Sixth Amendment applies to trial or critical pre-trial stages, rather than to appeals. Because the certificate does not discuss whether counsel was ineffective, and thus whether there is a right to counsel, under the Due Process Clause, that issue is not properly before us.[2]

### III. CONCLUSION

Even assuming, without deciding, that counsel was ineffective, Scott cannot show a right to counsel under the Sixth Amendment, and thus could not have been deprived of the "right" to effective assistance of counsel. We therefore affirm the district court's denial of Scott's section 2255 motion.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Domingo Jacobo CASTILLO,**
**Defendant–Appellant.**

**No. 05–30401.**

United States Court of Appeals,
Ninth Circuit.

Filed Jan. 22, 2007.

Katherine Jill Bolton, Esq., USSP—Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

---

2. At oral argument, Scott's attorney argued a due process right to counsel. However, this argument was not contained in the briefs, authored by another attorney, and fatally, was not included in the certificate of appealability.

Dawn Marie Reynolds, Esq., Dallas, OR, for Defendant–Appellant.

Before MARY M. SCHROEDER, Chief Judge.

### ORDER

Upon the vote of a majority of nonrecused regular active judges of this court, it is ordered that this case be reheard by the en banc court pursuant to Circuit Rule 35–3. The three-judge panel opinion shall not be cited as precedent by or to this court or any district court of the Ninth Circuit, except to the extent adopted by the en banc court.

UNITED STATES of America, Plaintiff–Appellee,

v.

**Daniel Kuualoha AUKAI, Defendant–Appellant.**

No. 04–10226.

United States Court of Appeals, Ninth Circuit.

Jan. 22, 2007.

Thomas J. Brady, AUSA, Loretta A. Sheehan, AUSA, USH—Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Before MARY M. SCHROEDER, Chief Judge.

### ORDER

Upon the vote of a majority of nonrecused regular active judges of this court, it is ordered that this case be reheard by the en banc court pursuant to Circuit Rule 35–3. The three-judge panel opinion shall not be cited as precedent by or to this court or any district court of the Ninth Circuit, except to the extent adopted by the en banc court.

UNITED STATES of America, Plaintiff–Appellee,

v.

**Adrian T. STEWART, Defendant–Appellant.**

No. 05–4255.

United States Court of Appeals, Tenth Circuit.

Jan. 19, 2007.

